|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |
| ASHLEY CASTRO, et al., | |
| Plaintiffs, | Civil No. 06-1618 (JAF) |
| v. | (Consolidated with Civil No. 06-2051 (JAF)) |
| JOSE L. CASANOVA-SÁNCHEZ, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiffs, Ashley Castro, Sam Castro, Joey Castro, Joseph Castro, and Hailey Mariel Cosme bring this diversity action for wrongful death against Defendants, José L. Casanova-Sánchez, his wife Jane Doe, and their conjugal partnership; Miguel Espinosa, his wife Marie Doe, and their conjugal partnership; Jaime Pagán-Reymundi, his wife Jane Roe, and their conjugal partnership; Espinosa Trucking; MAPFRE Insurance Company; V. Suárez & Co., Inc. ("V. Suárez"); and unknown insurance companies, corporations, and individuals. Case No. 06-1618, Docket Document Nos. 1, 37, 40; Case No. 06-2051, Docket Document No. 1. V. Suárez moves for summary judgment, Case No. 06-1618, Docket Document No. 60; Plaintiffs oppose, Case No. 06-1618, Docket Document No. 70; and V. Suárez replies, Case No. 06-1618, Docket Document No. 75. For the reasons stated below, we grant V. Suárez' motion.

**I.**

**Factual and Procedural History**

We derive the following factual summary from the pleadings, depositions, and declarations on file. Case No. 06-1618, Docket Document Nos. 1, 37, 40, 60, 70, 76; Case No. 06-2051, Docket Document No. 1.

Miguel Espinosa runs a trucking service known as Espinosa Trucking. He is the partial owner of six trucks, and has a permit for the transportation of cargo from the Public Service Commission. Espinosa has run this business for the past ten or twelve years. He currently employs six drivers.

V. Suárez is a Puerto Rico corporation that distributes beverages and dry goods in Puerto Rico. For the past eight years, V. Suárez has used the services of Espinosa Trucking to transport merchandise around the island. V. Suárez requires that Espinosa carry insurance for his trucks.

There is no written contract between V. Suárez and Espinosa Trucking. Instead, when Espinosa has trucks and drivers available, he calls V. Suárez to see if there are deliveries to be made. If V. Suárez has a job for Espinosa, Espinosa selects a driver and determines the route that the driver should take to deliver the merchandise. Employees from V. Suárez load the truck and place a seal on the truck door. When the shipment reaches its destination, employees from V. Suárez break the seal, unload the truck, check the

merchandise, and sign paperwork confirming that the shipment was complete. V. Suárez pays Espinosa Trucking on a weekly basis, and Espinosa pays his employees out of that fund. Espinosa Trucking completes an average of fifteen to twenty trips per week for V. Suárez. V. Suárez is currently Espinosa Trucking's only regular client.

José L. Casanova-Sánchez has worked for Espinosa Trucking for the past four or five years. On December 27, 2005, Casanova-Sánchez was driving a truck for Espinosa Trucking from V. Suárez' warehouse in Cataño to its warehouse in Ponce. At approximately 11:25 a.m., the truck struck a motor scooter on a highway in Cataño. Pedro Cosme-Rivera and Elisabeth Pérez-Valentín, the driver and passenger of the motor scooter, both died of injuries sustained in the collision. Prior to this collision, Casanova-Sánchez had not been involved in any accidents while working for Espinosa Trucking.

On June 21, 2006, Ashley, Sam, Joey, and Joseph Castro filed a complaint in federal district court, seeking damages for the wrongful death of Pérez-Valentín. Case No. 06-1618, Docket Document No. 1. On October 17, Cosme filed a complaint in federal district court, seeking damages for the wrongful death of Cosme-Rivera. Case No. 06-2051, Docket Document No. 1. The district court consolidated these cases on December 5, 2006. Case No. 06-2051, Docket Document No. 5. Ashley, Sam, Joey, and Joseph Castro amended their complaint on January 8, 2007. Case No. 06-1618, Docket Document No. 37. Cosme

amended her complaint on January 11, 2007. Case No. 06-1618, Docket Document No. 40. V. Suárez filed a cross-claim against Espinosa Trucking, MAPFRE Insurance Company, Espinosa, and Casanova-Sánchez, demanding indemnity should it be found liable in the underlying lawsuit. Case No. 06-1618, Docket Document No. 58. V. Suárez moved for summary judgment on October 23, 2007, Case No. 06-1618, Docket Document No. 60; on February 5, 2008, Plaintiffs jointly opposed, Case No. 06-1618, Docket Document No. 70; and on February 26, 2008, V. Suárez replied, Case No. 06-1618, Docket Document No. 75.

## II.

### Motion for Summary Judgment Standard under Rule 56(c)

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The moving party carries the burden of establishing that there is no genuine issue as to any material fact; however, the burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 331 (1986). The burden has two components: (1) an

Civil No. 06-1618 (JAF)                                              -5-

initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and (2) an ultimate burden of persuasion, which always remains on the moving party. Id. at 331.

In evaluating a motion for summary judgment, we must view the record in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). However, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2).

### III.

### Analysis

Defendant V. Suárez argues that it cannot be held liable for Casanova-Sánchez' accident because Casanova-Sánchez worked for Espinosa, an independent contractor of V. Suárez. Case No. 06-1618, Docket Document No. 60. Plaintiffs counter that (1) V. Suárez is directly liable for the accident for failing to take adequate safety precautions with respect to the delivery trips; and (2) V. Suárez and Espinosa had a de facto employer/employee relationship, making V. Suárez vicariously liable for the negligence of Espinosa's employees. Case No. 06-1618, Docket Document No. 70.

**A. Direct Liability**

Plaintiffs contend that V. Suárez is directly responsible for the accident because it failed to take adequate safety precautions. Case No. 06-1618, Docket Document No. 70.

Under Puerto Rico law, to state a claim for negligence, a plaintiff must show (1) an act or omission constituting negligence; (2) damages; and (3) causation. 31 L.P.R.A. § 5141 (1990); <u>López v. Nutrimix Feed Co.</u>, 27 F. Supp. 2d 292, 297-98 (D.P.R. 1998) (citing <u>Smith v. Williams Hospitality Management Corp.</u>, 950 F. Supp. 440, 445 (D.P.R. 1997) and <u>Sociedad De Gananciales v. González Padín</u>, 117 P.R. Dec. 94, 106 (1986)). An act or omission constitutes negligence when the defendant had a duty to the plaintiff and failed to act as a reasonably prudent person would in similar circumstances. <u>Id.</u> (citing <u>Jiménez v. Pelegrina Espinet</u>, 112 P.R. Dec. 700, 704 (1982)).

An employer is directly liable for the damages caused by an employee or independent contractor while performing work that the employer should recognize as likely to create a peculiar risk of harm to third parties. <u>López v. Cruz Ruiz</u>, 131 P.R. Dec. 694, 705 (1992). However, the Puerto Rico Supreme Court has limited the direct liability of employers for the negligence of employees or independent contractors. <u>Id.</u> In <u>Cruz Ruiz</u>, the city of Cataño contracted with an independent contractor to clear a vacant lot using a truck. <u>Id.</u> at 698. While clearing the lot, the truck driver struck and injured a child. <u>Id.</u> The Court held that Cataño was not liable because the activity of clearing a vacant lot involved no reasonably foreseeable risk of injury to third parties. <u>Id.</u> at 708. The Court reasoned that the injuries were directly attributable to the driver's failure to take adequate safety measures while driving, not to dangers

normally inherent in clearing a lot.  Id.  The Court further stated that the fact that a truck was used did not add any peculiar risk requiring special precautions.  Id.

Here, Plaintiffs argue that driving a truck "foreseeably involves special precautions in the driving skills needed to avoid damage to third part[ies]." Case No. 06-1618, Docket Document No. 70.  This argument is directly foreclosed by the Puerto Rico Supreme Court's holding in Cruz Ruiz.  See 131 P.R. Dec. at 708.  Therefore, we find that V. Suárez is not directly liable to Plaintiffs for failing to take adequate safety precautions with respect to the delivery trips.

**B.   Vicarious Liability**

Plaintiffs argue that V. Suárez is vicariously liable for the negligence of Espinosa's employees because Espinosa is a de facto employee of V. Suárez.  Case No. 06-1618, Docket Document No. 70.

Under Puerto Rico law, employers are vicariously liable for torts committed by employees, but generally are not liable for torts committed by independent contractors.  31 L.P.R.A. § 5142 (1990).  We look to the totality of the circumstances to determine whether a tortfeasor is an employee or an independent contractor.  Nutrimix, 27 F. Supp. 2d at 297-98 (citing Torres Vargas v. Santiago Cummings, 149 F.3d 29, 32 (1st Cir. 1998)).  We are guided by several general factors, which include (1) the extent and nature of control executed by the employer; (2) whether the employment contract is full-time or

part-time; (3) whether the employment contract provides for vacation time or sick leave; (4) the form of payment; and (5) who owns the equipment used. Id. (citing Rivera v. Hosp. Universitario, 762 F. Supp. 15, 17 (D.P.R. 1991)). The most important factor is the level of control possessed by the employer. Id. (citing Lugo v. Matthew Bender & Co., 579 F. Supp. 638, 642 (D.P.R. 1984)); Cruz Ruiz, 131 P.R. Dec. at 704.

In the current case, V. Suárez exerts only very limited control over Espinosa's business. V. Suárez requires that Espinosa carry a transportation permit and liability insurance. Case No. 06-1618, Docket Document No. 76-2. V. Suárez employees also supervise the loading and unloading of the merchandise. Id. However, Espinosa generally calls V. Suárez to see if there are deliveries to be made; Espinosa determines the route that the drivers follow; and Espinosa decides which driver will make the trip. Case No. 06-1618, Docket Document Nos. 60-4, 76-2. This factor therefore weighs in favor of a finding that Espinosa is an independent contractor.

Turning to the other factors, V. Suárez is Espinosa's only client, and V. Suárez pays Espinosa on a weekly basis. Docket Case No. 06-1618, Document Nos. 60-4, 76-2. These factors point toward a finding that Espinosa is an employee. See Nutrimix, 27 F. Supp. 2d at 298-99. However, there is no written contract between V. Suárez and Espinosa, and Espinosa owns the trucks his company uses. Case No. 06-1618, Docket Document No. 60-4. These factors point to a

finding that Espinosa is an independent contractor. See Nutrimix, 27 F. Supp. 2d at 298-99.

Based on the totality of the circumstances, and taking into account the lack of control V. Suárez possesses over Espinosa's business, we find that Espinosa is an independent contractor, not an employee, of V. Suárez. Therefore, V. Suárez is not vicariously liable for the torts committed by Espinosa's employees.

**IV.**

**Conclusion**

In accordance with the foregoing, we **GRANT** V. Suárez' motion for summary judgment, Case No. 06-1618, Docket Document No. 60. We, therefore, dismiss V. Suarez' cross-claims, Case No. 06-1618, Docket Document No. 58, as moot. Partial judgment to be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of June, 2008.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge